Marguerite C. DURKEE *v.* ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD

CA 83-233                    667 S.W.2d 376

Court of Appeals of Arkansas
Division I
Opinion Delivered April 11, 1984

*Ernie Witt*, for appellant.

*Treeca J. Dyer*, for appellee.

DONALD L. CORBIN, Judge. This is an appeal from a Pulaski County Circuit Court decision affirming an Arkan-

sas Alcoholic Beverage Control Board decision denying an application for an off-premises beer permit.

Appellant filed an application with the Arkansas Alcoholic Beverage Control Board which was denied by the Board's Director. On appeal, the Board was unable to reach a majority decision, voting two for reversal of the Director's decision and two against, with one abstention. The Board then issued an order reinstating the Director's decision, substituting different findings of fact for those of the Director. Appellant appealed the Board's order to the Pulaski County Circuit Court, Second Division, which affirmed the Board's action. We reverse and remand.

The circuit court's decision is clearly erroneous. Ark. Stat. Ann. § 48-1302.1a (Repl. 1977), specifically requires that "all action by the Arkansas Alcoholic Beverage Control Board shall be by a majority vote of the full membership." In this instance, a majority of the Board failed to either reverse or affirm the Director's decision. There is no evidence in the record that a majority of the Board's full membership took any action regarding appellant's application. In the absence of a decision by a majority of the Board's membership, there is nothing for the circuit court to review. Therefore, the Board's decision which was reviewed by the circuit court was not a valid, appealable order.

We reverse and remand to the trial court with directions to reverse its decision and remand the matter to the Arkansas Alcoholic Beverage Control Board for consideration of the Director's denial of appellant's application and his findings of fact, pursuant to the provisions of Ark. Stat. Ann. § 48-1314 et. seq.

Reversed and remanded.

COOPER and CRACRAFT, JJ., agree.